UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 12-3208 PSG (VBKx) | Date | April 26, 2012 |
|---|---|---|---|
| Title | Compass Bank v. Alvira Khan, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** (In Chambers) Order REMANDING Case to State Court

    On April 12, 2012, Defendant Alvira Khan ("Defendant") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff Compass Bank ("Plaintiff"). *See* Dkt # 1. After reviewing Defendant's notice of removal and the underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

    Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

    The well-pleaded complaint rule requires a federal question be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the Complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law, and does not present a federal question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3208 PSG (VBKx) | Date | April 26, 2012 |
|---|---|---|---|
| Title | Compass Bank v. Alvira Khan, et al. | | |

Defendant's notice of removal argues this Court has jurisdiction because of "[d]enial of due process in Unlawful Detainer." *Not.* 2:25. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

Defendant also argues that removal is proper under 28 U.S.C. § 1443. *See Not.* 2:24-25. To establish removal under this statute, a defendant's notice of removal must (1) assert a right under a federal law protecting civil rights stated in terms of racial equality and (2) identify a state statute or constitutional provision that purports to command the state courts to ignore the enforcement of the specified federal right in state courts. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824-28 (1966). Defendant has made no such showing.

Furthermore, there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Here, Defendant's notice of removal fails to establish the citizenship of any party. As for the amount in controversy, the Complaint states the amount demanded does not exceed $10,000. *Compl.* at 1:12-14. This is far below the statutory requirement that the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Moreover, the Complaint only seeks damages in the amount of $83 per day since October 4, 2011. *Compl.* ¶ 17. As of today, these damages would equal little more than $17,000. Therefore, the amount in controversy requirement is also not met.

This is the second time Defendant has attempted to remove this unlawful detainer action. On March 14, 2012, Defendant filed an identical removal petition. *See Compass Bank v. Khan*, 2:12-CV-03208-PSG-VBK (C.D. Cal. 2012), Docket No. 1. On March 26, 2012, the Court remanded the case to Los Angeles Superior Court for the identical reasons as are presented in this Order. *See id.* at Docket No. 5. The Court advises Defendant that the requirements of Federal Rule of Civil Procedure 11 apply to persons proceeding *pro se* in federal court. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). "Rule 11 provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Id.* at 1388. A Rule 11 sanction may consist of an order to pay a penalty into court, pay attorney's fees and costs incurred by an opposing party, or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3208 PSG (VBKx) | Date | April 26, 2012 |
|---|---|---|---|
| Title | Compass Bank v. Alvira Khan, et al. | | |

nonmonetary directive from the court.  *See* Fed. R. Civ. P. 11.  A *pro se* party may be held to have violated Rule 11 by filing an identical pleading that has previously been dismissed.  *See Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987) ("We recognize that *pro se* complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories.").

      For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

      **IT IS SO ORDERED.**